UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE ALGUARELLES,

    Movant,

v.

    File No. 1:13-cv-833

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **OPINION**

Pending before this Court is Movant Suzanne Alguarelles's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon her (Dkt. No. 1). The government was not ordered to file a response to this motion. For the reasons that follow, the Court denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

### I.    BACKGROUND

On June 19, 2012, Movant was indicted by a Grand Jury on two counts of a four count superseding indictment for armed robbery of a federally insured bank and brandishing a weapon during a crime of violence. On August 6, 2012, Respondent submitted a superseding felony information, charging Movant solely with bank robbery. On August 10, 2012, Movant pleaded guilty to the superseding felony information.

A presentence report was prepared, with a calculated total offense level of 25, criminal history category III. Movant faced a statutory maximum of 20 years (240 months) in prison, with an advisory guideline range of 70 to 87 months. On December 18, 2012, Movant was sentenced to 72

months in prison.

On August 2, 2013, Movant filed a timely motion under § 2255. Movant has calculated her own offense level as level 17, giving a guideline range of 30-37 months (Mot., Dkt. No. 1 at 3). Movant avers that she:

> had no idea that she would be "sentenced" by whatever Judge Bell "thought" would be appropriate. This meant that [Movant] would be given "enhancements" at the Judge's discretion, and not the guidelines.
> Essentially, the judge sentenced [Movant], with "enhancements", that "he" personally thought should be warranted. This is not legal, nor is it the way the justice system works.

(*id.*). Movant cites *Alleyne v. United States*, ___U.S.___, 133 S.Ct 2151 (2013), to argue that the factual circumstances leading to enhancements to her offense level should have been submitted to a jury (Mot., Dkt. No. 1 at 3), specifically that she used "a gun that was possessed, brandished, and reasonably foreseeable [sic]" (*id.* at 2).

## II. ANALYSIS

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail

on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Further, his allegations are textbook examples of "wholly incredible" assertions. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the movant shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Further, "'It is well settled in this circuit that a motion to vacate is not a substitute for appeal.'" *United States v. Duhart*, 511 F.2d 7, 8 (6th Cir. 1975) (quoting *DiPiazza v. United States*, 471 F.2d 719, 720 (6th Cir. 1973)). Movant never filed an appeal of her sentence. Neither has

Movant shown cause why she did not appeal her sentence. Therefore, she may not now collaterally attack her sentence, and her motion will be denied.

Even if the motion was properly before the Court, Movant's argument lacks merit. *Alleyne* involved a jury trial in which the trial judge engaged in post-verdict fact-finding that enhanced the mandatory minimum sentence. 133 S.Ct. at 2155-56. The Supreme Court held that any fact that increases the penalty of a crime was an element that must be submitted to the jury. *Id.* at 2155.

There are two key distinctions in this case. First, Movant pleaded guilty to the elements of her crime, including the fact that she carried a gun during the commission of her crime, which led to the enhancement of her sentence. Therefore, the fact is considered "proved." Second, the "enhancement" had no effect on the mandatory minimum of her sentence, but rather the guideline range. Therefore, even if *Alleyne* were to apply retroactively to this case, its holding would not affect the outcome. A final consideration of the merits of Movant's case is that her sentence of 72 months is well below the statutory maximum for her crime. Therefore, Movant has provided no substantive grounds to collaterally attack her sentence.

### III. CERTIFICATE OF APPEALABILITY

Having determined that Movant's arguments do not merit granting her motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon her, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if the Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v.*

*Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong. Therefore, the Court denies Defendant a certificate of appealability as to the issue presented.

## IV.  CONCLUSION

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this Opinion.

Dated: October 7, 2013               /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE